WILLIAM B. KRAMER, PLAINTIFF, v. THE WESTERN ASSURANCE COMPANY, DEFENDANT.

Decided November 21, 1931.

For the plaintiff, *Lynwood Lord.*

For the defendant, *Carr & Carroll.*

ELDREDGE, J. The plaintiff in the above entitled suit attempts to recover on a poilcy of fire insurance issued to him by the defendant company, for $1,500 for one year, from September 6th, 1930, to September 6th, 1931. Title to the property covered by the policy was acquired by the plaintiff through a deed from Olga Anton, dated November 15th, 1928, and upon its face was an absolute conveyance in fee-simple. On September 19th, 1930, the property was destroyed by fire. In the proof of loss filed by the plaintiff in this suit, he stated, under oath, as follows:

"By deed dated the 15th day of November, 1928, the property mentioned in the within proof of loss, was conveyed to me, absolutely, insofar as the face of the deed was concerned. However, the purpose of the said transfer was to protect the Zane Lumber Company which had filed a mechanics' lien against said property, and if any surplus was derived from the sale of the property, the surplus was to be paid to Mrs. Anton after deducting all expenses. There was also about three judgment creditors who were made parties to the mechanics' lien suit, and if an amicable settlement could not be made with them, it was my understanding that Zane would proceed with the mechanics' lien suit, insofar as the judgment creditors were concerned to determine the priority.

There was also a policy on this property of the Automobile Insurance Company, in the name of Olga Anton, which was never transferred to me."

Upon the filing of this statement respecting the character of the plaintiff's ownership, the defendant refused payment of the policy and suit was brought. The defendant, in its answer, sets up the following provision of the policy:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void, if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee-simple."

The plaintiff then makes the following reply:

"Defendant's agent, J. Sennett Holston and the special

agent of said company, Hugh L. Mehorter, were aware of the fact that said William B. Kramer held the title to said premises, in trust, and authorized the issuance of said insurance policy. At the time said loss occurred, no policy of insurance had been issued and the property was covered by a binder and it was therefore impossible for the plaintiff to have inserted in said policy a memoranda to the effect that he held said property in trust."

This case, it seems to the court, is governed by the same principles which the court deemed controlling in the cases of Harry Weatherby and Eli F. Stewart, partners trading as Weatherby and Stewart *v.* Scottish Union and National Insurance Company, and Harry Weatherby and Eli F. Stewart, partners trading as *Weatherby and Stewart* v. *Aetna Insurance Company, 9 N. J. Mis. R.* 1256, just decided, the opinion being filed simultaneously with this decision, unless the fact that a special agent of the company who is charged with knowledge of the character of defendant's title at the time the policy was purchased, creates a saving distinction. It is the judgment of this court that it does not. The plaintiff in this case is in the same position as the plaintiffs in the other cases above mentioned. He brings suit upon a written contract of insurance on the one hand and then on the other hand alleges, in so many words, that the contract upon which he sues is not the contract, because some of its provisions are not operative, they having been waived when the agreement was made. The result is an attempt to alter the terms of a written contract by parol testimony, which our law prohibits.

The plaintiff's reply asserts that at the time of the fire no policy had been issued but that the property was covered by a binder, and it may well be that the written contract or policy of insurance does not contain the terms of the contract originally entered into. If that be true, suit must either be brought upon what was the contract or the present policy reformed in a court of equity and not in a court of law.

Mr. Justice Trenchard's statement in the case of *Heliotos* v. *Great American Insurance Company of New York,* 103

*N. J. L.* 529, referred to and quoted in our opinion herein above mentioned is also pertinent in this case and so is our statement therein made that when a policy is in standard form it will not be construed more strongly against the party preparing it.

These authorities compel the court to take the strict legal view of the matter as herein stated and entitle the defendant to an order striking the complaint and the reply.